10614.

STATE v. HART.

(107 S. E. 29)

1. CRIMINAL LAW—REQUESTED CHARGE THAT CIRCUMSTANTIAL EVIDENCE MUST EXCLUDE GUILT OF ANOTHER PROPERLY REFUSED.—A requested charge that, where the State relies on circumstantial evidence, the jury must acquit if the alleged crime could have been committed at that time and place by any one else or in any other way, was properly refused as requiring the State to prove conclusively the guilt of accused.

2. CRIMINAL LAW—CHARGE ON EFFECT OF FOOTPRINTS HELD FAVORABLE TO ACCUSED.—In a prosecution for housebreaking, a charge that, if there was no evidence in the case but the tracks into which defendant's feet fitted, the Court would not submit the case to the jury, was favorable to accused, so that a conviction will not be reversed for such charge on the exception that it was a charge on the facts.

Before RICE, J., Calhoun, November term, 1919. Affirmed.

Donnie Hart indicted for housebreaking and larceny, and upon conviction appeals.

*Mr. J. G. Stabler,* for appellant, cites: *Charge which intimates to jury inference to be drawn from facts, is a charge on the facts:* 76 S. C. 49. *Judge must avoid expressing or intimating an opinion on the facts:* 31 S. C. 131; 31 S. C. 238; 51 S. C. 453; 54 S. C. 294; 85 S. C. 170; 79 S. C. 97. *Circumstantial evidence:* 49 S. C. 285.

*Mr. A. J. Hydrick,* Solicitor, for respondent. Oral Argument.

April 25, 1921.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The defendant was indicted for housebreaking and larceny, the jury rendered a verdict of guilty, and he was sentenced to work on the county chain gang. He appealed upon the following exceptions:

"First.  That his Honor, the presiding Judge, committed error in failing and refusing to charge the defendant's request to charge as to circumstantial evidence, as follows: 'I charge you that the State relies on circumstantial evidence to convict the defendant.  Now, the law as to circumstantial evidence is that, if the alleged crime charged could have been committed at that time and place by any one else or in any other way than charged in the indictment against the defendant, you will find the defendant not guilty'—the error being that the said request to charge is a correct proposition of law as to circumstantial evidence, and the presiding Judge in failing and refusing to charge same committed prejudicial error."

"Second.  That his Honor the presiding Judge erred in charging the jury as follows, the same being a charge upon the facts in violation of Article 5, § 26, of the State Constitution of 1895, as to charge to juries: 'If there is nothing in a case except the circumstance of tracks, if there is nothing else in a case except where a man's track fits another track, and it is alleged that whoever made the track committed the crime, if there is no other evidence but that, that the person committed the crime, I would not hesitate to direct a verdict of not guilty, but if there is other evidence coupled up with that, that the foot of the defendant, both the bare foot and shoe, fit the track, if there is other evidence coupled up with that which would tend to show him guilty, I would have to submit that to the jury.  If there was tracks leading from the scene of a crime, if there were a crime commited, to another house, and if the tracks fitted and there was other evidence  in the case, and I'm not saying what is evidence and what is not in this case, I think that is for your consideration.  If there is no evidence I have a right to say that, but as to the weight and sufficiency of the evidence, that is for you, and I say that, if there is other evidence in the case besides the track, and the defendant's foot fit these tracks, it is for you to consider these facts'—the error being that this was a direct

charge on the facts.   His Honor suggesting to the jury
that there was other evidence in the case besides that of
tracks, upon which they could predicate a verdict of guilty,
which, it is respectfully submitted, was highly prejudicial
to the defendant."

We will consider first the exception numbered 1.
1    His Honor the presiding Judge thus charged the
     jury in regard to circumstantial evidence:

"There are a great many cases in which the State is
powerless to produce direct evidence, and for that reason
she must rely on circumstantial evidence.    As I said above,
every circumstance that the State relies on must be proved
beyond a reasonable doubt, and each must be inconsistent
with any other reasonable hypothesis and consistent the one
with the other, and the whole, taken together, must prove
conclusively the guilt of the accused before a jury would
be justified in finding him guilty.   The circumstances
proven must exclude any other reasonable hypothesis except
the guilt of the accused before a jury would be warranted
in convicting."

In ruling upon the request his Honor   the   presiding
Judge said:

"I cannot charge you in that form because I think I have
charged you the law as to that.   As I take this request,
it suts out every possibility of any one else having com-
mitted the crime, and means that the State would have to
prove to a mathematical certainty that the defendant com-
mitter the crime charge.   This is not the law. The law says
that the offense must have been proved to have been com-
mitted by the defendant beyond a reasonable doubt, a rea-
sonable doubt founded in the evidence.   After you have
considered all the evidence given you for consideration, and
there is still a reasonable doubt in your mind as to the guilt
of the defendant, then that is what a reasonable doubt
means, and you must give the defendant the benefit of that.

In the form and shape that the request is handed up to me I will have to refuse it."

The reasons assigned by the Circuit Judge show that this exception cannot be sustained.

We will determine next the question presented by the second exception. The question is not whether there was any testimony whatever tending to sustain the material allegations of the indictment. The ruling was favorable and not prejudicial to the appellant, inasmuch as the Circuit Judge charged that, unless there was other testimony than that which he enumerated, he would not even submit the case to the jury.

Appeal dismissed.